IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| United States of America | ) | |
| | ) | Cr. No. 6:09-1068-HMH |
| vs. | ) | |
| | ) | **OPINION & ORDER** |
| Angel Abel Guzman, | ) | |
| | ) | |
| Movant. | ) | |

This matter is before the court on Angel Abel Guzman's ("Guzman") motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. After a thorough review of the facts and pertinent law, the court summarily dismisses Guzman's § 2255 motion.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

On April 28, 2010, Guzman pled guilty to possession with the intent to distribute five (5) grams or more of methamphetamine, and to aiding and abetting others in the commission of the offense. On September 14, 2010, the court sentenced Guzman to 108 months' imprisonment. Guzman appealed his conviction and sentence on September 17, 2010. On December 8, 2011, the United States Court of Appeals for the Fourth Circuit dismissed in part and affirmed in part Guzman's appeal, finding in part that he waived his right to appeal pursuant to a waiver in his plea agreement. United States v. Guzman, No. 10-5015, 2011 WL 6091768, at *2-3 (4th Cir. Dec. 8, 2011) (unpublished).

Pursuant to the plea agreement, Guzman waived his right to challenge his conviction or sentence in either a direct appeal or collateral attack. (Plea Agreement 7, ECF No. 96.) Claims of ineffective assistance of counsel or prosecutorial misconduct, however, were expressly excluded from the appellate waiver. Proceeding pro se, Guzman filed the instant § 2255 motion

on November 6, 2012.[1]  In his § 2255 motion, Guzman alleges ineffective assistance of trial and appellate counsel and breach of his plea agreement by the Government.  (Guzman § 2255 Mot. 5, ECF No. 219); (Guzman Mem. Supp. § 2255 Mot. 23, ECF No. 219-1.)  Guzman also alleges that his waiver of his right to challenge his conviction is unenforceable because the court revived such right during his sentencing hearing.  (Guzman Mem. Supp. § 2255 Mot. 27, ECF No. 219-1.)

## II.  DISCUSSION OF THE LAW

### A.  Claims Litigated on Appeal

Guzman alleges that the Government breached the plea agreement and that the appellate waiver included in his plea agreement is not enforceable because the court revived his right to appeal "by advising [him] of such right at sentencing."[2]  (Guzman § 2255 Mot. 4, ECF No. 219); (Guzman Mem. Supp. § 2255 Mot. 27, ECF No. 219-1.)  As an initial matter, Guzman cannot relitigate issues on collateral review that have already been decided by the Fourth Circuit.  Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976).  Likewise, Guzman cannot "recast, under the guise of collateral attack, questions fully considered by" the Fourth Circuit.  Id.  Guzman raised both of these claims on appeal.  In its order affirming Guzman's conviction, the Fourth Circuit found Guzman's claims of prosecutorial misconduct to be "baseless," and concluded "that the government did nothing that breached the plea agreement."  Guzman, 2011

---

[1]  See Houston v. Lack, 487 U.S. 266 (1988).

[2]  The court interprets Guzman's breach of plea agreement allegation as a claim for prosecutorial misconduct.  Pursuant to the terms of the plea agreement, Guzman did not waive his right to raise claims of prosecutorial misconduct.  (Guzman Mem. Supp. § 2255 Mot. 23, ECF No. 219-1.).

WL 6091768, at *1. In addition, the Fourth Circuit concluded "that Guzman's waiver [was] enforceable." Id. at *2. Based on the foregoing, these claims are without merit.

### B. Ineffective Assistance of Counsel

In addition, Guzman alleges that his trial and appellate counsel provided ineffective assistance. In order to successfully challenge a conviction or sentence on the basis of ineffective assistance of counsel, Guzman must demonstrate that his counsel's performance fell below an objective standard of reasonableness, and that he was prejudiced by his counsel's deficient performance. See Strickland v. Washington, 466 U.S. 668, 687 (1984). With respect to the first prong, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. With respect to the second prong, one must demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. Because Guzman tendered a guilty plea, he must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

Guzman alleges that his trial counsel was constitutionally ineffective because she advised him to plead guilty without accurately informing him of the potential drug amounts that could be attributed to him, or the imprisonment term to which he could be sentenced. (Guzman Mem. Supp. § 2255 Mot. 14, ECF No. 219-1.) Guzman further claims that both his trial and appellate counsel were ineffective in failing to properly object at sentencing to the drug amount attributed to him. (Id. at 10, 20.)

A defendant can challenge the voluntary and intelligent character of the guilty plea by demonstrating that the advice he received from counsel "was not within the range of competence demanded of attorneys in criminal cases." Tollett v. Henderson, 411 U.S. 258, 266 (1973) (internal quotation marks omitted). "[C]ounsel may . . . advise his client to plead guilty if that advice falls within the range of reasonable competence under the circumstances." United States v. Cronic, 466 U.S. 648, 657 n.19 (1984). Moreover, "a mere inaccurate prediction, standing alone, [does] not constitute ineffective assistance [of counsel] . . . ." Iaea v. Sunn, 800 F.2d 861, 865 (9th Cir. 1985); see also Figueroua v. United States, No. 91CIV.1047(PKL), 1993 WL 88213, at *5-6 (S.D.N.Y. Mar. 24, 1993) (unpublished) (rejecting an ineffective assistance of counsel claim based on allegations that the attorney failed to advise of a possible career offender enhancement and had provided an erroneous prediction as to the length of the sentence, on finding that "a defendant's sentencing range under the Guidelines is not ultimately knowable . . . .") (internal quotation marks omitted).

Guzman has not presented the court with any evidence to support his claim that counsel's advice fell below an objective standard of reasonableness. At his guilty plea hearing, when asked whether he was satisfied with the representation of his attorney, Guzman answered, "Yes." (Plea Tr. 6, ECF No. 150.) When asked if he had any complaints of his attorney or anyone in connection with the case, Guzman responded, "No." (Id.) During his guilty plea hearing, Guzman stated that no one forced, threatened, or coerced him to plead guilty. (Id. at 14.) Guzman was advised of the charges, the potential penalties, the elements of the offense, and the rights that he was waiving by pleading guilty. (Id. at 11-13.) Guzman was asked whether he "thoroughly reviewed" the plea agreement and whether he understood "each and

every provision of the agreement." (Id. at 19-20.) Guzman answered, "Yes, sir." ( Plea Tr. 20, ECF No. 150.) Guzman also admitted his guilt when asked directly by the court. (Id. at 14-15, 27.) Finally, when asked whether anyone, including his attorney, promised him what his actual sentence would be, Guzman answered, "No." (Id. at 15-16.) In fact, the court explicitly informed Guzman that the crime he was pleading guilty to committing carried the statutory "minimum term of imprisonment of five years and a maximum term of imprisonment of 40 years . . . ." (Id. at 12.) When asked if he understood the statutory sentencing provisions, Guzman answered, "Yes, sir." (Id. at 13.) The truth of Guzman's prior sworn statements is conclusively established. United States v. Lemaster, 403 F.3d 216, 221-22 (4th Cir. 2005). Because Guzman's ineffective assistance of counsel claim relies upon allegations that directly contradict his prior sworn statements to the court, summary dismissal of this claim is appropriate. Id. at 222 ("[A] district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements.").

Further, by pleading guilty, Guzman received credit for acceptance of responsibility. Moreover, as part of his plea agreement, the Government dismissed the conspiracy to distribute methamphetamine count with which Guzman was charged in the second superseding indictment. Absent the plea agreement, Guzman was subject to a significantly higher potential term of imprisonment if found guilty. Thus, Guzman has failed to show that his counsel was ineffective or that he has suffered any prejudice in his counsel advising him to plead guilty.

Lastly, Guzman alleges that trial counsel was constitutionally ineffective in failing to properly object to the calculation of the drug amount at sentencing. (Guzman Mem. Supp.

§ 2255 10, 20, ECF No. 219-1.) Guzman additionally contends that his appellate counsel was ineffective for failing to raise this issue on appeal. (Id. at 20.)

First, Guzman's argument that his appellate counsel was ineffective for failing to raise an issue on direct appeal fails because as the Fourth Circuit found, Guzman waived his right to challenge his conviction or sentence in either a direct appeal or collateral attack other than ineffective assistance of counsel and prosecutorial misconduct. (Plea Agreement 7, ECF No. 96.) Therefore, appellate counsel was not ineffective in failing to raise the direct challenge on appeal. Moreover, as set forth below, the claim is without merit.

Guzman also alleges that his trial counsel was ineffective for failing to properly object to the calculation of the drug amount at sentencing arguing that he had a "buyer/seller defense" under Abuelhawa v. United States, 556 U.S. 816, 818, 822-23 (2009) (holding that a buyer who utilizes a telephone "in making a misdemeanor drug purchase" does not "facilitate the felony of drug distribution" in violation of 21 U.S.C. § 843(b)). (Guzman Mem. Supp. § 2255 10, 20, ECF No. 219-1.) To the contrary, however, Guzman's trial counsel, in fact, objected to the drug quantity attributed to him, and subsequently moved for a downward departure or variance from the guideline range for imprisonment. (Sentencing Tr. 3-6, 9-12, ECF No. 151.) In addition, Abuelhawa is inapplicable to Guzman's claim that the drug amount attributed to him was improper. At his sentencing hearing, his trial counsel stated in pertinent part as follows:

> Mr. Guzman still objects, however, to the total quantity of drugs seized on the date of his arrest. So those drugs which the co-defendants intended to, I guess, sell that date or get rid of that date on the basis that he, number one, didn't know about them; that he was not involved in any conspiracy with these individuals; that he essentially was recruited and used on that date solely for the purpose of passing the drugs to an individual they all didn't realize was an informant.

> Unfortunately, I think in terms of doing the research, I tried to explain to Mr. Guzman that the drugs that were seized on that date and the drugs that were in the car, the vehicle that he was in, you know, that the case law is pretty clear that those can properly be assessed against him, especially in light of the fact that the probation officer did not assess the total quantity of drugs in this case against him and the Government's concession that he would be reduced to a five to 40.
> Mr. Guzman still objects, however, to that quantity and asks the Court to only find that he should be attributed the 28.3-grams that actually was in the package that he passed to the confidential source. . . .

(Sentencing Tr. 4-5, ECF No. 151.) The court denied the objection. (Id. at 6.) Trial counsel adequately argued the objection. Moreover, the objection was without merit. Thus, counsel did not provide constitutionally ineffective assistance of counsel.

Pursuant to 21 U.S.C. § 841(b)(1)(B), the statutory section that Guzman pled guilty to violating, the term for imprisonment is not less than five (5) years and not more than forty (40) years. The court sentenced Guzman to 108 months' imprisonment, well within the statutorily proscribed range and the guideline range in his Presentence Investigation Report ("PSR"). Guzman's guideline range provided in his PSR was based on a total offense level that attributed a quantity of methamphetamine (76.9 grams) and cocaine (14.1 grams) to him based on Guzman's relevant conduct. (PSR ¶ 26.) The court is required to consider relevant conduct in calculating a defendant's base offense level including drug amounts proven attributable to the defendant by a preponderance of the evidence. Witte v. United States, 515 U.S. 389, 411 (1995) ("Under the Guidelines, the severity of a drug offense is measured by the total quantity of drugs under all offenses that constitute 'relevant conduct,' regardless of whether those offenses were charged and proved at the guilt phase of the trial or instead proved at the sentencing hearing.").

> The Sentencing Guidelines require a sentencing court to consider relevant conduct in calculating a defendant's advisory Guidelines range, including "all acts and

> omissions . . . that were part of the same course of conduct or common scheme or plan as the offense of conviction." U.S. Sentencing Guidelines Manual ("USSG") § 1B1.3(a)(2) (2011); United States v. Hayes, 322 F.3d 792, 802 (4th Cir. 2003) (noting that a "court has no discretion to disregard relevant conduct" when calculating offense level). The sentencing court is not "bound by the evidence presented at trial when determining drug quantity or other relevant conduct," United States v. Young, 609 F.3d 348, 357 (4th Cir. 2010), and may "consider acquitted conduct in establishing drug amounts for the purpose of sentencing, so long as the amounts are established by a preponderance of the evidence." United States v. Perry, 560 F.3d 246, 258 (4th Cir. 2009).

United States v. Galloway, No. 12-4222, 2012 WL 5693224, at *1 (4th Cir. Nov. 16, 2012) (unpublished). Thus, Guzman's trial counsel conduct was objectively reasonable and further, there is no prejudice to Guzman. Based on the foregoing, Guzman's § 2255 motion is summarily dismissed.

It is therefore

**ORDERED** that Guzman's § 2255 motion, docket number 219, is summarily dismissed. It is further

**ORDERED** that a certificate of appealability is denied because Guzman has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

                                                s/Henry M. Herlong, Jr.
                                                Senior United States District Judge

Greenville, South Carolina
December 3, 2012

**NOTICE OF RIGHT TO APPEAL**

The Movant is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.